UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KIRKPATRICK B. DUNBAR, : 19-CV-3964 (GBD)
:
                Plaintiff, :
:
  - against - : **ANSWER**
:
S&D WAVE GROUP INC. and JEDSS GROUP LLC, :
:
                Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Defendant JEDSS GROUP LLC ("defendant"), by its attorneys, RUBIN PATERNITI GONZALEZ KAUFMAN LLP, as and for an Answer to plaintiff's Complaint dated May 2, 2019 (dkt. no. 1) (the "Complaint") respectfully alleges as follows:

    1.    Denies the allegations set forth in paragraph "1" of the Complaint except admits that plaintiff purports to invoke the Court's jurisdiction as set forth therein, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

    2.    Denies the allegations set forth in paragraph "2" of the Complaint except admits that plaintiff purports to lay venue as set forth therein, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

    3.    Denies the allegations set forth in paragraph "3" of the Complaint.

    4.    Denies the allegations set forth in paragraph "4" of the Complaint.

    5.    Denies the allegations set forth in paragraph "5" of the Complaint.

    6.    Denies the allegations set forth in paragraph "6" of the Complaint.

    7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

    8.    Denies the allegations set forth in paragraph "8" of the Complaint except admits that defendant is a Domestic Business Limited Liability Company organized and existing under

the laws of New York State and that defendant is the record owner of the premises located at 199 2nd Avenue, New York, New York 10003 (the "Premises").

9. Denies the allegations set forth in paragraph "9" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

10. Denies the allegations set forth in paragraph "10" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

11. Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

12. Denies the allegations set forth in paragraph "12" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

29. Denies the allegations set forth in paragraph "29" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendant repeats and realleges each of its responses to paragraphs "1" through "30" of the Complaint as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

33. Denies the allegations set forth in paragraph "33" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendant repeats and realleges each of its responses to paragraphs "1" through "35" of the Complaint as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

40. Denies the allegations set forth in Wherefore Clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Plaintiff lacks standing to maintain this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Removal of the alleged barriers and/or alternative access requirements with respect to the Premises are not readily achievable and, therefore, not required.

## AS AND FOR A FIFITH AFFIRMATIVE DEFENSE

45. The injunctive relief sought by plaintiff would require fundamental changes to the Premises, is an undue burden, impractical, and/or is not structurally, technically, or financially feasible.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. Plaintiff failed to provide the requisite prior notice and/or otherwise failed to satisfy the conditions precedent to commencing this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. The Premises is an existing facility within the meaning of the Americans with Disabilities Act and any other applicable statues or regulations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. The Americans with Disabilities Act is not applicable to the Premises insofar as the Premises was constructed prior to the enactment of the Americans with Disabilities Act.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. Plaintiff has not suffered any injury in fact or damages, and/or failed to mitigate any damages that were allegedly suffered.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. Upon information and belief, co-defendant's employees are available to assist customers and have cured any violations of the statutes invoked by plaintiff in this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. Upon information and belief, plaintiff's claims are moot because the injunctive relief requested by plaintiff in the Complaint has already been implemented.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

52. Defendant is not responsible for remediating the alleged architectural barriers at issue in the Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

53. Defendant has complied with all applicable federal, state, and local laws, rules, and regulations and has acted reasonable in all respects at all relevant times herein.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff is not entitled to attorneys' fees, compensatory, statutory, or punitive damages.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST STORIES BK, LLC
### (Contractual Defense and Indemnification)

55. Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into lease whereby co-defendant agreed to indemnify and hold harmless defendant with respect the claims and allegations asserted by plaintiff in the Complaint.

56. Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant including but not limited to the payment of any judgment rendered against defendant, and for all of their attorneys' fees, costs and disbursements.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST STORIES BK, LLC**
**(Contractual Defense and Indemnification – Third Party Beneficiary)**

57.     Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, co-defendant entered into contract(s) and/or written agreement(s), whether express or implied, with other parties whereby they agreed to defend, indemnify, and hold harmless defendant with respect to the claims and allegations asserted by plaintiff in the Complaint as an intended third-party beneficiary to such agreement(s) or contract(s).

58.     Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation(s) to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant, including but not limited to the payment of any judgment rendered against said defendant, and for all of their attorneys' fees, costs and disbursements.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST STORIES BK, LLC**
**(Failure to Procure Insurance Coverage in Favor of Defendant)**

59.     Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into a lease whereby co-defendant agreed to procure insurance policies that named defendant as an additional insured, and among the terms and conditions of the lease, co-defendant agreed to obtain and maintain insurance coverage at its own expense in favor of defendant covering the circumstances giving rise to plaintiff's alleged damages.

60.     Upon information and belief, co-defendant failed to procure and obtain such insurance coverage required by the lease and/or failed to name defendant as an additional insured on any such policy.

61. Accordingly, defendant has been damaged and co-defendant is responsible for defendant's payments and discharge of its liability to the extent of the required policy limits and the cost of defending and indemnifying against plaintiff's claims

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST STORIES BK, LLC
**(Common Law Indemnification)**

62. If plaintiff was caused to sustain the injuries alleged in the Complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable conduct other than plaintiff's own, all of which are denied by defendant, then such damages were caused wholly and solely by reason of the negligence, recklessness, carelessness and/or breach of duty, contract, warranties (express or implied), or otherwise through any fault or culpable conduct of co-defendant, by themselves and/or by or through or in concert with its/their agents, servants, independent contractors, sub-contractors and/or their agents, servants and employees, over whom defendant had no control, by recklessly, negligently, and carelessly failing to properly perform the services rendered or work provided, and otherwise to properly maintain, operate, manage, supervise and direct said work and/or operation, without any negligence or culpability of the answering defendant.

63. Accordingly, if answering defendant is found liable to plaintiff, then defendant demands judgment against co-defendant for common law indemnification for the full amount of any judgment which may be obtained by plaintiff against defendant, together with attorneys' fees, costs and disbursements expended in this action.

### AS AND FOR A FIFTH CROSS-CLAIM AGAINST STORIES BK, LLC
**(Common Law Contribution)**

64. Upon information and belief, if plaintiff was caused to sustain the injuries alleged in the Complaint through the conduct, acts or omissions, whether negligence, gross negligence,

reckless, strict liability or otherwise culpable other than plaintiff's own, which is hereby denied in its entirety, then such damages were caused in whole or in part due to such culpable conduct of co-defendant, singularly or together or in concert with their contractors and/or sub-contractors, and/or their respective agents, servants and/or employees, with the defendant bearing only, if at all, secondary, derivative, vicariously at fault, or otherwise by operation of law.

65   Accordingly, if defendant is found liable to plaintiff, then defendant is entitled to contribution from, and have judgment against, co-defendant for the amount of any judgment deemed proportionate to each and every co-defendant as adjudged between all defendants herein.

**WHEREFORE**, defendant respectfully requests judgment dismissing the Complaint together with costs, disbursements, and expenses of this action including attorneys' fees; alternatively, defendant requests judgment on each of its cross claims against co-defendant, inclusive of judgment for indemnification or contribution against co-defendant; together with reasonable attorneys' fees, costs and disbursements; together with such further and different relief as this Court deems just and proper.

Dated:   New York, New York
         August 23, 2019

RUBIN PATERNITI
GONZALEZ KAUFMAN LLP


By: _____s/_____
         EVAN SCHNITTMAN, ESQ.

Attorneys for Defendant
JEDSS GROUP LLC
555 Fifth Avenue, 6th Floor
New York, NY 10017
Tel: (646) 809-3370
Fax: (646) 809-1622
schnittman@rpgklaw.com

TO:     **BY ECF**
        Ismail Sinan Sekendiz, Esq.
        SEKENDIZ LAW FIRM P.C.
        Attorneys for Plaintiff
        45 Broadway Suite 1420
        New York, New York 10006
        (212) 380-8087
        isinan@hotmail.com

        Michael K. Chong, Esq.
        LAW OFFICES OF MICHAEL K. CHONG, LLC
        Attorneys for Co-Defendant S&D Wave Group Inc.
        2 Executive Drive, Suite 720
        Fort Lee, New Jersey 07204
        (201) 947-5200
        MKC@mkclawgroup.com